

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00708-CV

John **SCHELLENBERG** and Lisa Schellenberg,
Appellants

v.

**FIRST STATE BANK CENTRAL TEXAS** and Roger D. Rheinheimer,
Appellees

From the 53rd District Court, Travis County, Texas
Trial Court No. D-1-GN-10-001013
The Honorable Gisela D. Triana-Doyal, Judge Presiding

PER CURIAM

Sitting:       Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed: January 9, 2013

DISMISSED FOR WANT OF JURISDICTION

Appellants John Schellenberg and Lisa Schellenberg filed suit against First State Bank Central Texas, Mortgage Acceptance Corp., Philip Laing, Wiley K. Fuller, and Roger D. Rheinheimer. First State Bank Central Texas and Roger D. Rheinheimer filed separate motions for summary judgment. On April 26, 2012, the trial court rendered two orders, granting summary judgment in favor of First State Bank Central Texas and Roger D. Rheinheimer. In the last paragraph of each order, the trial court specifically stated that the order disposes of those issues and claims between the Schellenbergs, First State Bank Central Texas, and Roger D.

Rheinheimer. Importantly, the order stated it did not dispose of the Schellenbergs claims against the other parties.

Thereafter, on June 12, 2012, the Schellenbergs filed a notice of nonsuit as to Philip Laing and Wiley K. Fuller. Then, on September 18, 2012, they filed a notice of nonsuit as to Mortgage Acceptance Corp. However, the trial court never signed an order granting the nonsuits or dismissing the Schellenbergs suit against Philip Laing, Wiley K. Fuller, and Mortgage Acceptance Corp.

On September 18, 2012, the Schellenbergs filed their notice of appeal from the summary judgment orders relating to First State Bank Central Texas and Roger D. Rheinheimer. In the notice of appeal, the Schellenbergs reference the nonsuits. When the clerk's record was filed in this court on November 1, 2012, we discovered that neither the notice of nonsuits referenced by the Schellenbergs or any orders granting the nonsuits and dismissing the Schellenbergs claims against Philip Laing, Wiley K. Fuller, and Mortgage Acceptance Corp. were in the record. Accordingly, we asked the Travis County District Clerk to file a supplemental clerk's record containing the notices of nonsuit and any orders relating thereto. On December 2, 2012, a supplemental clerk's record was filed in this court containing the notices of nonsuits as to Philip Laing, Wiley K. Fuller, and Mortgage Acceptance Corp. However, the district clerk advised this court there were no orders relating to the non-suits, nor were there any orders dismissing the Schellenbergs' claims against Philip Laing, Wiley K. Fuller, and Mortgage Acceptance Corp.

In *Park Place Hosp. v. Estate of Milo*, a summary judgment failed to dispose of claims against a defendant who had been non-suited by the plaintiff. 909 S.W.2d 508, 510 (Tex. 1995). No order dismissing the non-suited defendant was signed, and the summary judgment order did not contain a "Mother Hubbard" clause or other finality language. *Id.* The supreme court held the appellate timetables were not triggered until a signed, written order was rendered dismissing

the non-suited defendant. *Id.* Until the trial court rendered an order of dismissal or a severance as to the non-suited defendant, the summary judgment was not final and appealable. *Id.*

The procedural facts of this case are nearly identical to those in *Milo*, a case in which the supreme court held the summary judgment was not final and appealable. Here, a summary judgment order lacking language of finality was rendered against two of five defendants. The Schellenbergs non-suited the remaining three defendants, but the trial court never entered an order of dismissal or order of severance as to these three defendants. *See id.*

Based on the foregoing, on December 7, 2012, we ordered appellants to show cause in writing on or before December 17, 2012, why this case should not be dismissed for want of jurisdiction. We advised appellants that if they failed to satisfactorily respond within the time provided, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(c). Appellants have not filed a response to this court's December 7, 2012 show cause order.

Accordingly, we dismiss this appeal for want of jurisdiction. We order that appellees, First State Bank Central Texas and Roger D. Rheinheimer, recover their costs of this appeal from appellants.

PER CURIAM